IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BURKE BROWN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:04-CR-530 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. The government filed an objection.

BACKGROUND

On November 4, 2004, Defendant pleaded guilty to Possession of a Firearm and Ammunition by a Convicted Felon. Defendant was sentenced on January 24, 2005, to 30 months custody followed by 36 months supervised release and was ordered to pay a $100 special assessment fee. Judgment was entered on September 16, 2002. Defendant was released from the custody of the Bureau of Prisons on March 29, 2007, and began his 36-month term of supervised release on the same day.

1

## DISCUSSION

If a defendant has completed at least one year of supervised release, 18 U.S.C. § 3583(e) permits the Court to terminate supervised release prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[1] In making this determination, the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[2]

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising probation officer. The Court finds as follows: Defendant has been compliant with all the terms of his supervised release and directives of the probation office. He has maintained full-time employment, completed substance abuse treatment, has undergone periodic testing, and has had no violations. In addition, he has satisfied the financial obligations imposed by the Sentence.

Considering the required factors, the Court finds the nature and circumstances of the offense in this case reveal that it is Defendant's second offense for the same conduct. His history and characteristics reveal a substantial criminal history and that, in a prior case, he pleaded guilty to a violation of previous term of supervised release. Those factors, together with the factors of the need to afford adequate deterrence and to protect the public against further crimes of the Defendant weigh against a finding that it would be in the interest of justice to terminate the current 36-month term of supervised release after

---

[1] 18 U.S.C. § 3583(e).

[2] *Id*. (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

less than two years. Instead, it appears that the supervised release has been beneficial and should be continued.

Based on these findings and on consideration of all of the applicable § 3553(a) factors, the Court cannot find that the early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and is in the interest of justice at this time. However, it also appears that Defendant is doing very well on supervised release. Therefore, the Court will deny the Motion without prejudice.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 28) is DENIED without prejudice.

DATED this 10th day of December, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge